# Yeager v. Holt & Hill.

The Constable's return in this case was "Served the withi.. summons on Edward Holt one of the defendants by producing the original to him nersonally and informing him of the contents thereof." Held, that this was a defective summons, as under the Act of July 6, 1901, P. L. 614, service must be by handing a true and attested copy to the defendant or some one in his stead as set out in the act.

## JURISDICTION—SERVICE OF SUMMONS.

No. 310, Sep. Term. Common Pleas of Lycoming County. Certiorari to H. F. Snyder, J. P.

Mortimer C. Rhone, Esq., for exceptants.

Otto G. Kaupp, Esq., contra.

HART, P. J.—It is only necessary to consider the third exception filed to the proceedings, as it seems to us, which relates to the manner of service of the summons in this case. The record of the Justice shows the service of the summons to have been made in the following manner, to wit: "July 22, 1902, served by producing original summons to defendant Edward Holt, and informing him of the contents thereof." This would have been a good and legal service under the second section of the Act of March 28, 1810, 5th Sm. L., 161; but the Act of July 9, 1901, P. L., 614, has made a distinct change in the manner of service, and requires that all service of summons on the defendant shall be by handing him a true and attested copy thereof to him personally, whereas in this case personal service is had.

The record here shows that the defendant did not appear before the Justice either in person or by attorney. It is therefore essential that the service of the summons upon him should have been made in the manner prescribed by the Act of July 9, 1901, in order to give the Justice jurisdiction in the case. This has been so often held by the several courts of the Commonwealth that it has become too well settled to be now questioned, as an examination of the following authorities:

Friely v. Sparks, 2 Parsons, 232.

Com. v. Dalling, Ibid., 285.

McCale v. Kulp, 8 Phila. 636.

Laycock v. White, 19 Pa. 495.

The service of the summons not having been made as required by the Act of July 9, 1901, this exception must therefore be sustained.

And now, to wit, Oct. 3, 1902, judgment and proceedings reversed.

Reported by Mortimer C. Rhone, Esq.,

Oct. 13, 1902.                                                    Williamsport, Pa.